## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DUNKIN' DONUTS FRANCHISED     \*
    RESTAURANTS, LLC
130 Royall Street     \*
Canton, Massachusetts 02021
    \*


and     \*

BASKIN-ROBBINS FRANCHISED     \*
    SHOPS, LLC
130 Royall Street     \*
Canton, Massachusetts 02021
    \*       Civil Action Number:

     Plaintiffs
    \*

v.     \*

RA PINEY ORCHARD DONUTS, LLC
8743 Piney Orchard Parkway     \*
Odenton, Maryland 21113
    \*

     **SERVE ON**:
     Mr. Reginald Pretto     \*
     Managing Member
     4210 Beach Drive     \*
     Chesapeake Beach, Maryland 20732
    \*

RA BOWIE TC DONUTS, LLC
3931 Evergreen Parkway     \*
Bowie, Maryland 20716
    \*

     **SERVE ON**:
     Mr. Reginald Pretto     \*
     Managing Member
     4210 Beach Drive     \*
     Chesapeake Beach, Maryland 20732
    \*

and     \*

REGINALD PRETTO
4210 Beach Drive     \*
Chesapeake Beach, Maryland 20732
    \*

(Captioned Continued)

009891

(Captioned Continued)                                *

and                                                  *

AMY PRETTO                                           *
4210 Beach Drive
Chesapeake Beach, Maryland 20732
                                                     *
and                                                  *

MARC WALLACE                                         *
2135 18th Street
Denver, Colorado 80202
                                                     *

      Defendants

*   *   *   *   *   *   *   *   *   *   *   *   *

## COMPLAINT

      Plaintiffs, Dunkin' Donuts Franchised Restaurants, LLC and Baskin-Robbins Franchised Shops, LLC, by their attorneys, Lenrow, Kohn & Oliver, hereby bring this action against Defendants, RA Piney Orchard Donuts, LLC, RA Bowie TC Donuts, LLC, Reginald Pretto, Amy Pretto and Marc Wallace and for cause state that:

## I. PARTIES, JURISDICTION
## AND VENUE

      1.    Plaintiff, Dunkin' Donuts Franchised Restaurants, LLC ("DD"), is a limited liability company organized under the laws of the State of Delaware. DD is the successor in interest to Dunkin' Donuts Incorporated, a Delaware corporation, and is qualified to do business in the State of Maryland. DD maintains its principal place of business at 130 Royall Street, Canton, Massachusetts 02021.

      2.    Plaintiff, Baskin-Robbins Franchised Shops, LLC ("BR"), is a limited liability company organized under the laws of the State of Delaware. BR is the successor in interest to Baskin-Robbins USA, Co., a California corporation, and is qualified to do business in the State of Maryland.  BR maintains its principal place of business at 130 Royall Street, Canton, Massachusetts 02021.

3.      Although DD and BR operate as separate and distinct corporations, they pursue or permit joint development of retail units in selected markets.

4.      Defendant, RA Piney Orchard Donuts, LLC ("RA Odenton"), is a Maryland limited liability company with its principal place of business located at 8743 Piney Orchard Parkway, Odenton, Maryland 21113.

5.      Defendant, RA Bowie TC Donuts, LLC, ("RA Bowie"), is a Maryland limited liability company with its principal place of business located at 3931 Evergreen Parkway, Bowie, Maryland 20716.

6.      Defendant, Reginald Pretto, is a resident of the State of Maryland, residing at 4210 Beach Drive, Chesapeake Beach, Maryland 20732.

7.      Defendant, Amy Pretto, is a resident of the State of Maryland, residing at 4210 Beach Drive, Chesapeake Beach, Maryland 20732.

8.      Defendant, Marc Wallace, is a resident of the State of Colorado, residing at 2135 18th Street, Denver, Colorado 80202.

9.      This dispute arises under the provisions of 15 U.S.C. Section 1114, et seq.  Accordingly, jurisdiction of this Court over this action is conferred by 15 U.S.C. §§1116(a) and 1121 and 28 U.S.C. Section 1338.

10.     Venue in this action lies in the District of Maryland, where four (4) of the five (5) Defendants reside and where the claims stated in this Complaint arose, pursuant to 28 U.S.C. §1291(b).

## II. ALLEGATIONS OF FACT
## RELEVANT TO ALL COUNTS

### A.  Dunkin' Donuts Proprietary Marks

11.     DD is an internationally known franchisor which has developed a proprietary system known as the "Dunkin' Donuts System" for the preparation and sale of donuts, coffee, bagels and other related products utilizing a specially designed building with special equipment, equipment layouts, interior

009891                                          3

and exterior accessories, identification schemes, products, management programs, standards, specifications, proprietary marks and information.

12.     DD's wholly-owned subsidiary, DD IP Holder LLC, is the owner of the trademark, service mark, and trade name "Dunkin' Donuts," and related marks (the "Dunkin' Donuts Marks").

13.     DD IP Holder LLC owns numerous federal registrations for the Dunkin' Donuts Marks. Among those registrations are Registrations Nos. 748,901, 1,148,165 and 1,159,354.  Each of these registrations is in full force and effect and each is incontestable pursuant to 15 U.S.C. §1065.

14.     DD has the exclusive license to use and to license others to use the Dunkin' Donuts Marks and has used them continuously since approximately 1960 to identify its donut shops and the donuts, pastries, coffee, and other products associated with those shops.

15.     DD is authorized by DD IP Holder LLC to enforce all of its right, title and interest in the Dunkin' Donuts Marks.

16.     DD and its affiliates, as a result of the expenditure of time, skill, effort and money, have developed a distinctive system (the "Dunkin' Donuts System") relating to the establishment and operation of food service establishments and other techniques for the distribution of "Dunkin Donuts" donuts and other authorized products and services.

17.     The distinguishing characteristics of the Dunkin' Donuts System include, without limitation, exterior and interior design, decor, color scheme and furnishings, special menu items, standards, specifications and procedures for operations, quality of products and services offered, procedures for inventory and management control, training and assistance, and advertising and promotional programs.

18.     DD identifies the Dunkin' Donuts System by means of the Dunkin' Donuts Marks.

19.     The Dunkin' Donuts Marks are distinctive, famous and have acquired secondary meaning.

20.     The Dunkin' Donuts Marks are used in interstate commerce and have been widely advertised and promoted by DD over the years.

009891                                           4

21.     The Dunkin' Donuts Marks have become famous throughout the United States and abroad. They are household names synonymous with high standards of quality, consistency and service and have obtained tremendous goodwill among the public. The public has come to know and recognize the Dunkin' Donuts Marks and to associate them exclusively with the products and services offered by DD and its franchisees.

22.     The Dunkin' Donuts Marks are among the best and most widely known trademarks in the United States today and are assets of inestimable value to DD, representing and embodying DD's goodwill and favorable reputation.

B.  **Baskin-Robbins Proprietary Marks**

23.     BR  is an internationally known franchisor of ice cream and related products.

24.     BR's wholly-owned subsidiary, BR IP Holder LLC, is the owner of the trademark, service mark, and trade name "Baskin-Robbins" and related marks (the "Baskin-Robbins Marks").

25.     BR holds the exclusive license to use and to license others to use the Baskin-Robbins Marks as well as the trade secrets, confidential information, operating manuals, slogans, signs, symbols and other devices used in the operation of a "Baskin-Robbins" shop (collectively the "Baskin-Robbins Licensed Materials") and has used them continuously since approximately 1947 to identify its ice cream stores and the ice cream and other products associated with those stores.

26.     BR has been licensed by BR IP Holder LLC to use the Baskin-Robbins Marks and Baskin-Robbins Licensed Materials, to grant franchises for the operation of "Baskin-Robbins" stores and to engage in the acquisition and leasing of locations for "Baskin-Robbins" franchises within the United States and abroad.

27.     BR is authorized by BR IP Holder LLC to enforce all of its right, title and interest in the Baskin-Robbins Marks and the Baskin-Robbins Licensed Materials.

28.     BR and its affiliates, as a result of the expenditure of time, skill, effort and money, have

009891                                    5

developed a distinctive system (the "Baskin-Robbins System") relating to the establishment and operation of food service establishments and other techniques for the distribution of "Baskin-Robbins" ice cream and other authorized products and services.

29.     The distinguishing characteristics of the Baskin-Robbins System include, without limitation, distinctive exterior and interior design, decor, color scheme and furnishings, special menu items, standards, specifications and procedures for operations, quality of products and services offered, procedures for inventory and management control, training and assistance, and advertising and promotional programs.

30.     BR identifies the Baskin-Robbins System by means of the Baskin-Robbins Marks.

31.     The Baskin-Robbins Marks are registered with the United States Patent and Trademark Office.  Each is in full force and effect and each is incontestable pursuant to 15 U.S.C. §1065.

32.     The Baskin-Robbins Marks are distinctive and have acquired secondary meaning.

33.     The Baskin-Robbins Marks are used in interstate commerce and have been very widely advertised and promoted by BR over the years.

34.     The Baskin-Robbins Marks have become famous throughout the United States and abroad. They are household names synonymous with high standards of quality, consistency and service, and have obtained tremendous goodwill among the public.  The public has come to know and recognize the Baskin-Robbins Marks and to associate them exclusively with products and services offered by BR and its franchisees.

35.     The Baskin-Robbins Marks are among the best and most widely known trademarks in the United States today and are assets of inestimable value to BR representing and embodying Baskin-Robbins' considerable goodwill and favorable reputation.

## C.  Franchise Agreement - RA Odenton

36.     On or about May 9, 2005, RA Odenton entered into a Franchise Agreement with DD and BR (the "Odenton Franchise Agreement") for a franchise located at 8743 Piney Orchard Parkway,

Odenton, Maryland 21113 (the "Odenton Location") whereby DD and BR were to receive monies in consideration for providing franchise, advertising and/or other services to RA Odenton. A copy of the Odenton Franchise Agreement is attached hereto as Exhibit A.

37.     The Odenton Location is operated as a combination "Dunkin' Donuts/Baskin-Robbins" shop.

38.     The performance of the Odenton Franchise Agreement by RA Odenton was personally guaranteed by Reginald Pretto, Amy Pretto and Marc Wallace, as personal guarantors (Reginald Pretto, Amy Pretto and Marc Wallace are sometimes hereinafter referred to collectively as the "Guarantors"). The Personal Guarantees of the Guarantors are included on the signature page of the Odenton Franchise Agreement attached hereto as Exhibit A.

39.     Pursuant to the terms of the Personal Guarantees, the Guarantors personally guaranteed all of the financial and other obligations of RA Odenton under the Odenton Franchise Agreement and agreed that the terms of the Odenton Franchise Agreement were binding on each of them personally.

### D. Franchise Agreement - RA Bowie

40.     On or about July 28, 2005, RA Bowie entered into a Franchise Agreement with DD and BR (the "Bowie Franchise Agreement") for a franchise located at 3931 Evergreen Parkway, Bowie, Maryland 20716 (the "Bowie Location") whereby DD and BR were to receive monies in consideration for providing franchise, advertising and/or other services to RA Bowie. A copy of the Bowie Franchise Agreement is attached hereto as Exhibit B.

41.     The Bowie Location is operated as a combination "Dunkin' Donuts/Baskin-Robbins" shop.

42.     The performance of the Bowie Franchise Agreement by RA Bowie was personally guaranteed by Reginald Pretto, Amy Pretto and Marc Wallace, as personal guarantors (Reginald Pretto, Amy Pretto and Marc Wallace are sometimes hereinafter referred to collectively as the "Guarantors"). The Personal Guarantees of the Guarantors are included on the signature page of the Bowie Franchise

Agreement attached hereto as Exhibit B.

43.     Pursuant to the terms of the Personal Guarantees, the Guarantors personally guaranteed all of the financial and other obligations of RA Bowie under the Bowie Franchise Agreement and agreed that the terms of the Bowie Franchise Agreement were binding on each of them personally.

### E. Failure to Pay Financial Obligations - RA Odenton

44.     RA Odenton has materially breached the Odenton Franchise Agreement by failing to report sales and make payments of fees and charges as required by the Odenton Franchise Agreement.

45.     On September 28, 2006, DD and BR forwarded to RA Odenton written Notice to Cure by overnight delivery, return receipt requested, informing RA Odenton that the Odenton Franchise Agreement would be terminated if RA Odenton failed to remedy the breaches cited therein.  The Written Notice to Cure was received on September 29, 2006.  A copy of the aforesaid Notice to Cure and return receipt are attached hereto collectively as Exhibit C.

46.     RA Odenton failed, and continues to fail, to remedy the breaches cited in the above-referenced Notice to Cure.

47.     On October 13, 2006, DD and BR forwarded to RA Odenton, by overnight delivery, return receipt requested, a written Notice of Termination of the Odenton Franchise Agreement.  The Notice of Termination demanded that RA Odenton cease operating the Odenton Location as a combination Dunkin' Donuts/Baskin-Robbins shop in accordance with the terms of the Odenton Franchise Agreement.  The Notice of Termination was received on October 16, 2006.  A copy of the aforesaid Notice of Termination and return receipt are attached hereto collectively as Exhibit D.

48.     RA Odenton has refused to comply with the termination of the Odenton Franchise Agreement and continues to hold itself out to the public and operate as an authorized Dunkin' Donuts/Baskin-Robbins shop  in violation of the above-referenced Notice of Termination and the Odenton Franchise Agreement.

F.  **Failure to Pay Financial Obligations - RA Bowie**

49.      RA Bowie has materially breached the Bowie Franchise Agreement by failing to report sales and make payments of fees and charges as required by the Bowie Franchise Agreement.

50.      On September 28, 2006, DD and BR forwarded to RA Bowie written Notice to Cure by overnight delivery, return receipt requested, informing RA Bowie that the Bowie Franchise Agreement would be terminated if RA Bowie failed to remedy the breaches cited therein.  The Written Notice to Cure was received on September 29, 2006.  A copy of the aforesaid Notice to Cure and return receipt are attached hereto collectively as Exhibit E.

51.      RA Bowie failed, and continues to fail, to remedy the breaches cited in the above-referenced Notice to Cure.

52.      On October 13, 2006, DD and BR forwarded to RA Bowie, by overnight delivery, return receipt requested, a written Notice of Termination of the Bowie Franchise Agreement.  The Notice of Termination demanded that RA Bowie cease operating the Bowie Location as a combination Dunkin' Donuts/Baskin-Robbins shop in accordance with the terms of the Bowie Franchise Agreement.  The Notice of Termination was received on October 16, 2006.  A copy of the aforesaid Notice of Termination and return receipt are attached hereto collectively as Exhibit F.

53.      RA Bowie has refused to comply with the termination of the Bowie Franchise Agreement and continues to hold itself out to the public and operate as an authorized Dunkin' Donuts/Baskin-Robbins shop,  in violation of the above-referenced Notice of Termination and the Bowie Franchise Agreement.

### III.  COUNT I
(Breach of Odenton Franchise Agreement)

54.      Plaintiffs incorporate in this Count all of the allegations made in Paragraphs 1 through 53 of this Complaint, as if fully set forth herein.

009891                                       9

55.    RA Odenton has failed to pay franchise fees, advertising fees and other charges due under the terms of the Odenton Franchise Agreement.  As of October 21, 2006, RA Odenton owes franchise fees in the estimated amount of Eleven Thousand Four Hundred Twenty One and 86/100 Dollars ($11,421.86). Said fees and charges remain unpaid as of the date of this Complaint.

56.    Pursuant to Paragraph 9 of the Odenton Franchise Agreement, RA Odenton is required to pay interest and/or late charges at the rate of one and one-half percent (1.5%) per month of all unpaid amounts due pursuant to the Odenton Franchise Agreement.

57.    Pursuant to Paragraph 9 of the Odenton Franchise Agreement, RA Odenton is required to pay reasonable attorney's fees and costs incurred by DD and BR to enforce the terms of the Franchise Agreement.

58.    DD has made demand for full payment of the monies owing to it by RA Odenton under the terms of the Odenton Franchise Agreement.  Payment has not been made.

WHEREFORE, Plaintiffs, Dunkin' Donuts Franchised Restaurants, LLC and Baskin-Robbins Franchised Shops, LLC, respectfully request:

A.    Judgment against Defendant, RA Piney Orchard Donuts, LLC, pursuant to the Odenton Franchise Agreement for:

1.    Compensatory damages in the amount of Eleven Thousand Four Hundred Twenty One and 86/100 Dollars ($11,421.86) representing franchise fees, advertising fees and other charges due and owing as of October 21, 2006;

2.    Interest and late fees; and

3.    Attorney's Fees;

B.    All additional fees and costs incurred by Plaintiffs under the Odenton Franchise Agreement during the pendency of this matter;

      C.      All other fees and costs accruing during the enforcement of Plaintiffs' rights under the Odenton Franchise Agreement; and

      D.      Such other relief which the Court may deem just and proper.

## IV.  COUNT II
(Breach of Bowie Franchise Agreement)

59.      Plaintiffs incorporate in this Count all of the allegations made in Paragraphs 1 through 58 of this Complaint, as if fully set forth herein.

60.      RA Bowie has failed to pay franchise fees due under the terms of the Bowie Franchise Agreement.  As of October 21, 2006, RA Bowie owes franchise fees in the estimated amount of Twenty Eight Thousand Three Hundred Fifty Two and 77/100 Dollars ($28,352.77).  Said fees and charges remain unpaid as of the date of this Complaint.

61.      Pursuant to Paragraph 9 of the Bowie Franchise Agreement, RA Bowie is required to pay interest and/or late charges at the rate of one and one-half percent (1.5%) per month of all unpaid amounts due pursuant to the Bowie Franchise Agreement.

62.      Pursuant to Paragraph 9 of the Bowie Franchise Agreement, RA Bowie is required to pay reasonable attorney's fees and costs incurred by DD and BR to enforce the terms of the Bowie Franchise Agreement.

63.      DD has made demand for full payment of the monies owing to it by RA Bowie under the terms of the Bowie Franchise Agreement.  Payment has not been made.

WHEREFORE, Plaintiffs, Dunkin' Donuts Franchised Restaurants, LLC and Baskin-Robbins Franchised Shops, LLC, respectfully request:

      A.      Judgment against Defendant, RA Bowie TC Donuts, LLC, pursuant to the Bowie Franchise Agreement for:

      1.      Compensatory damages in the amount of Twenty Eight Thousand Three

009891

11

Hundred Fifty Two and 77/100 Dollars ($28,352.77) representing franchise fees, advertising fees and other charges due and owing as October 21, 2006;

    2.  Interest and late fees; and

    3.  Attorney's Fees;

    B.  All additional fees and costs incurred by Plaintiffs under the Bowie Franchise Agreement during the pendency of this matter;

    C.  All other fees and costs accruing during the enforcement of Plaintiffs' rights under the Bowie Franchise Agreement; and

    D.  Such other relief which the Court may deem just and proper.

### V.  COUNT III
(Personal Guaranty)

64.  Plaintiffs incorporate in this Count all of the allegations made in Paragraphs 1 through 63 of this Complaint, as if fully set forth herein.

65.  The Guarantors personally guaranteed performance and payment of the indebtedness of RA Odenton and RA Bowie to DD and BR pursuant to the Bowie Franchise Agreement and the Odenton Franchise Agreement (the Bowie Franchise Agreement and the Odenton Franchise Agreement are sometimes hereinafter referred to collectively as the "Franchise Agreements").

66.  Demand has been made on the Guarantors for full payment of the indebtedness of RA Odenton and RA Bowie pursuant to the Franchise Agreements.  Said payment has not been made.

WHEREFORE, Plaintiffs, Dunkin' Donuts Franchised Restaurants, LLC and Baskin-Robbins Franchised Shops, LLC, respectfully request Judgment against Defendants, Reginald Pretto, Amy Pretto and Marc Wallace, respectively, for:

    A  All sums due by Defendants, RA Odenton and RA Bowie, to DD and BR pursuant to the Franchise Agreements;

009891         12

B.      Attorney's fees;

C.      Costs of suit; and

D.      Such other and further relief as this Court deems necessary.

## VI.  COUNT IV
(Accounting)

67.     Plaintiffs incorporate in this Count all of the allegations made in Paragraphs 1 through 66 of this Complaint, as if fully set forth herein.

68.     RA Odenton and RA Bowie have knowingly and/or intentionally failed to report sales under the terms of the Franchise Agreements and have thereby wrongfully and/or fraudulently withheld franchise fees, advertising fees and other fees due and owing to DD and BR.

69.     The precise amount of the franchise fees and advertising fees due and owing cannot be determined until an accounting is performed.

70.     DD and BR are entitled to recovery of the unpaid franchise fees and advertising fees.

WHEREFORE, Plaintiffs, Dunkin' Donuts Franchised Restaurants, LLC and Baskin-Robbins Franchised Shops, LLC, respectfully request:

A.      An accounting of the business and sales records of RA Odenton and RA Bowie in order to determine the amount of franchise fees and advertising fees wrongfully withheld;

B.      Compensatory damages;

C.      Exemplary and punitive damages;

D.      Accounting fees;

E.      Attorney's fees;

F.      Costs of suit; and

G.      Such other relief which the Court may deem just and proper.

009891                                          13

## VII.  COUNT  V
(Trademark Violation)

71.     Plaintiffs incorporate in this Count all of the allegations made in Paragraphs 1 through 70 of this Complaint, as if fully set forth herein.

72.     The "Dunkin' Donuts" trademark and related proprietary marks were registered with the United States Patent and Trademark Office on February 2, 1960, Registration Number 692491 and on June 30, 1981, Registration Number 1159354.

73.     The "Baskin-Robbins" trademark was registered with the United States Patent and Trademark Office on January 5, 1982, Registration Number 1,185,045 and on November 19, 1985, Registration Number 1,371,672.  Additional related Baskin-Robbins trademarks, including but not limited to "31 Flavors" and "Baskin 31 Robbins" are also registered with the United States Patent and Trademark Office.  Each of these registrations is in full force and effect, and is incontestable pursuant to 15 U.S.C. §1065.

74.     RA Odenton and RA Bowie have failed to operate the Odenton Location and the Bowie Location (the Odenton Location and the Bowie Location are sometimes hereinafter collectively referred to as the "Locations") in accordance with accepted DD and BR product standards.

75.     RA Odenton and RA Bowie have failed to operate the Locations in accordance with required DD and BR procedures in that it has failed to pay all financial obligations due to DD and BR, submit fee cards, profit and loss statements, balance sheets and financial statements as required by the Franchise Agreements.

76.     Upon termination of the Franchise Agreements, Defendants were required to immediately cease use of the Dunkin' Donuts Marks, the Baskin-Robbins Marks and the Baskin-Robbins Licensed Materials.  Defendants have not ceased such use.

77.     The continued use of the Dunkin' Donuts Marks, the Baskin-Robbins Marks and the

Baskin-Robbins Licensed Materials by RA Odenton and RA Bowie and their continued representation to the public as being authorized "Dunkin' Donuts" restaurants and "Baskin-Robbins" shops constitute violations of the Franchise Agreements.

78.    The continued use of the Dunkin' Donuts Marks, the Baskin-Robbins Marks and the Baskin-Robbins Licensed Materials by Defendants and their continued representation to the public as being an authorized "Dunkin' Donuts" restaurants and "Baskin-Robbins" shops constitute fraud and illegal trademark infringement pursuant to §32 of the Lanham Act, 15 U.S.C. §1114.

79.    Defendants' acts have been done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

80.    The continued use of the Dunkin' Donuts Marks, the Baskin-Robbins Marks and the Baskin-Robbins Licensed Materials by Defendants has caused, and will cause, irreparable harm and injury to the reputation and goodwill of DD and BR.

81.    Defendants have been unjustly enriched and has wrongfully profited from its wrongful and illegal use of the Dunkin' Donuts Marks, the Baskin-Robbins Marks and the Baskin-Robbins Licensed Materials.

WHEREFORE, Plaintiffs, Dunkin' Donuts Franchised Restaurants, LLC and Baskin-Robbins Franchised Shops, LLC, respectfully request:

A.    An Order, preliminarily and permanently, enjoining and restraining Defendants and the directors, officers, members, employees, agents and assigns of RA Odenton and RA Bowie, from operating as a Dunkin' Donuts restaurant, from holding themselves out to the public as Dunkin' Donuts restaurant and/or from utilizing the Dunkin' Donuts Marks;

B.    An Order, preliminarily and permanently, enjoining and restraining Defendants and the officers, directors, members, employees, assigns and agents of RA Odenton and RA Bowie, from operating as a "Baskin-Robbins" shop, from holding themselves out to the public as a "Baskin-Robbins"

shop and/or from utilizing the Baskin-Robbins Marks and the Baskin-Robbins Licensed Materials;

      C.      An Order declaring the Franchise Agreements terminated, *nunc pro tunc*;

      D.      An Order directing each of RA Odenton and RA Bowie to file with this Court and serve upon DD and BR, within thirty (30) days after service upon them of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

      E.      Attorney's fees;

      F.      Costs of suit; and

      G.      Such other relief which the Court may deem just and proper.

### VIII.  COUNT VI
(Trade Dress Infringement)

82.     Plaintiffs incorporate in this Count all of the allegations made in Paragraphs 1 through 81 of this Complaint, as if fully set forth herein.

83.     Dunkin' Donuts shops feature distinctive trade dress which is unique to DD and includes graphics, a distinctive pink and orange color scheme, the frankfurter style of lettering, packaging, display cases, containers, and other items relating to both exterior and interior appearance ("Dunkin' Donut Trade Dress").

84.     Baskin-Robbins shops feature distinctive trade dress which is unique to BR and includes a distinctive interior and exterior design, color scheme, style of lettering, packaging, display cases, containers, and other items  (the "Baskin-Robbins Trade Dress")(the Dunkin' Donut Trade Dress and the Baskin-Robbins Trade Dress are sometimes hereinafter referred to collectively as the "Trade Dress").

85.     Upon termination of the Franchise Agreements, Defendants were required to immediately cease use of the Trade Dress.  Defendants have not ceased such use.

86.     Defendants continue to use the Trade Dress at the Locations.

87.     Defendants' use of trade dress that is identical or confusingly similar to the Trade Dress constitutes a false designation of the origin of the Locations, which is likely to cause confusion, or to cause mistake, or to deceive the public as to the affiliation, connection, or association of the Locations with the shops legally operated by DD and BR licensees, all in violation of §43 of the Lanham Act, 15 U.S.C. §1125, and the common law.

88.     Defendants' acts have been done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

89.     The continued use of the Trade Dress by Defendants has caused, and will cause, irreparable harm and injury to the reputation and goodwill of DD and BR.

90.     Defendants have been unjustly enriched and have wrongfully profited from their wrongful and illegal use of the Trade Dress.

WHEREFORE, Plaintiffs, Dunkin' Donuts Franchised Restaurants, LLC and Baskin-Robbins Franchised Shops, LLC, respectfully request:

A.     An Order directing Defendants to comply with the post-termination obligations pursuant to the Franchise Agreements including, but not limited to, the removal of all trade dress similar in nature to the Dunkin' Donuts Trade Dress and Baskin-Robbins Trade Dress;

B     An Order directing each of RA Odenton and RA Bowie to file with this Court and serve upon DD and BR, within thirty (30) days after service upon them of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

C.     Attorney's fees;

D.     Costs of suit; and

E.     Such other relief which the Court may deem just and proper.

## IX.  COUNT VII
(Breach of Non-Competition Clause)

91.     Plaintiffs incorporate in this Count all of the allegations made in Paragraphs 1 through 90 of this Complaint, as if fully set forth herein.

92.     Pursuant to Section 8 of the Franchise Agreements and the terms of the Personal Guarantees, Defendants are prohibited from owning, maintaining, engaging in, being employed by or having any interest in any business which sells or offers to sell any product of a type offered by a Dunkin' Donuts or Baskin-Robbins shop for a period of two (2) years following termination of the Franchise Agreement, within a five (5) mile radius of the Locations or from any other Dunkin' Donuts or Baskin-Robbins shop (the "Minimum Area of Competition").

93.     Although the Franchise Agreements were terminated, as aforesaid, Defendants continue to operate businesses at the Locations which are the same as, or similar to, Dunkin' Donuts restaurants and Baskin-Robbins shops, in violation of Section 8.

WHEREFORE, Plaintiffs, Dunkin' Donuts Franchised Restaurants, LLC and Baskin-Robbins Franchised Shops, LLC, respectfully request:

A.      An Order enjoining and restraining Defendants and the officers, directors, members, agents, employees and assigns of Defendant from owning, maintaining, engaging in, being employed by, or having any interest in any other business which sells or offers to sell any product of a type offered by a Dunkin' Donuts and Baskin-Robbins shop within the Minimum Area of Competition for a period of two (2) years;

B.      Compensatory damages;

C.      Exemplary and punitive damages;

D.      Attorney's fees;

E.      Costs of suit; and

009891                                    18

F.      Such other relief which the Court may deem just and proper.

LENROW, KOHN & OLIVER

_____

Thomas D. Kohn
Federal Bar Number:  03758

_____

Lisa B. Mezrich
Federal Bar Number: 27944
Suite 940
7 St. Paul Street
Baltimore, Maryland 21202
(410) 962-0550

Attorneys for Plaintiffs